OPINION
{¶ 1} On February 19, 2003, appellee, Beneficial Mortgage Company of Ohio, filed a complaint in foreclosure against appellant, Shawna Currie, and others, regarding property located on Brush Place, N.E. in Canton, Ohio.
 {¶ 2} On March 24, 2003 and April 2, 2003, appellant filed an answer and amended answer, respectively.
 {¶ 3} On April 11, 2003, appellee filed a combined motion for summary judgment and default judgment. By judgment entry filed May 30, 2003, the trial court granted said motion, finding no genuine issue of material fact.
 {¶ 4} Appellant filed an appeal and this matter is now before this case for consideration. Assignment of error is as follows:
 I {¶ 5} "The trial court erred in granting appellee's combined motion for summary judgment and default judgment."
 I {¶ 6} Appellant claims the trial court erred in granting summary judgment to appellee. We disagree.
 {¶ 7} Appellant's mother, Shirley Frazier, was the owner of the property in question. Ms. Frazier passed away on January 4, 2000. An estate was opened on her behalf, and as heir, the subject property was transferred to appellant. Because monthly mortgage payments lapsed, appellee sought to foreclose on the mortgage.
 {¶ 8} Appellant argues appellee never filed a claim against the estate for the mortgage lien, and as executrix of her mother's estate, she was unable to verify the claimed lien or amount. See, Currie Affidavit, attached to May 16, 2003 Response to Summary Judgment. It is appellant's position that because appellee failed to file a claim against the estate pursuant to R.C 2117.06, it is forever barred from recovery. Said statute governs presentation and allowance of creditor's claims and stated the following at the time of Ms. Frazier's death:
 {¶ 9} "(A) All creditors having claims against an estate, including claims arising out of contract, out of tort, on cognovit notes, or on judgments, whether due or not due, secured or unsecured, liquidated or unliquidated, shall present their claims in one of the following manners:
 {¶ 10} "(a) To the executor or administrator in a writing;
 {¶ 11} "(b) To the executor or administrator in a writing, and to the probate court by filing a copy of the writing with it;
 {¶ 12} "(B) Except as provided in section 2117.061 of the Revised Code, all claims shall be presented within one year after the death of the decedent * * *."
 {¶ 13} To accept appellant's position would be against the general principles of real estate and probate law. The subject real estate is never in the possession of the estate or executor. By law, it passes directly to the heirs. All liens on real estate run with the land and unless they are paid, they remain against the title holder.
 {¶ 14} R.C. 2113.52 governs devisee takes subject to tax lien and exoneration of mortgage lien and stated the following in pertinent part:
 {¶ 15} "(B) If real estate devised in a will is subject to a mortgage lien that exists on the date of the testator's death, the person taking the real estate under the devise has no right of exoneration for the mortgage lien, regardless of a general direction in the will to pay the testator's debts, unless the will specifically provides a right of exoneration that extends to that lien."
 {¶ 16} R.C. 2117.29 governs beneficiary taking subject to mortgage and stated the following:
 {¶ 17} "When the only debts of an estate remaining unpaid are secured by liens on property of the estate, the devisees, legatees, or heirs entitled to receive such property may be permitted to take the same subject to such liens, if all the lienholders consent and waive recourse to all the other assets of the estate in the event such property so taken is insufficient to pay the debts secured by such liens."
 {¶ 18} These statutes imply mortgage liens do not fall under the requirements of R.C. 2117.06.
 {¶ 19} Upon review, we find the trial court did not err in granting summary judgment to appellee.
 {¶ 20} The sole assignment of error is denied.
 {¶ 21} The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed.
Farmer, J., Gwin, P.J. and Hoffman, J. concur.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Stark County, Ohio is affirmed.